UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIKENSON HILAIRE,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-08911-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAPERIS*; AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On October 29, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On October 30, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition that he had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to

provide substantive reasons in support of his position in this regard in his opposition. (*Id.*)

On November 2, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) In that opposition, respondent argues that this case is distinguishable from the cases cited in the court's order because petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 1–2.) Respondent has not indicated any opposition to this court ruling directly on the merits of the underlying petition, stating that "[r]espondents request to submit on this pleading alone without additional documentation or briefing and request the Court rule on the Petition in its entirety." (*Id.*) Accordingly, the court will rule directly on the merits of the petition based upon the briefing presently before it.

Based upon the parties' briefing, the court finds the following. On or about June 20, 2023, petitioner applied for admission to the United States at or near San Ysidro, California requesting asylum through the "CBP-1" program. (*Id.* at 5, 8.) On July 3, 2023, petitioner filed an affirmative Application for Asylum and Withholding of Removal (Form I-589) with the U.S. Citizenship and Immigration Services ("USCIS.") (*Id.* at 5.) On April 28, 2025, USCIS closed[1] petitioner's asylum case. (*Id.* at 6.) In addition, respondent has presented evidence which purports to show that, after his asylum case was closed, petitioner was convicted on October 18, 2024, in the Twelfth Judicial Circuit Court, Manatee County, Florida of two (2) counts of "leav[ing] scene of crash with injury," and was sentenced to a six (6) month term of probation. (*Id.* at 6.) On or about April 22, 2026, ICE re-detained petitioner at his probation officer's office. (*Id.* at 5.) There is no indication that petitioner was provided advance notice or a hearing before ICE re-detained him.[2]

---

[1] While not entirely clear from the record, it does not appear that USCIS conducted an interview with respect to petitioner's fear-based claims or otherwise processed his asylum claim. (Doc. No. 8 at 6.)

[2] Respondent offers evidence that petitioner received a custody determination form (Form I-286) and a Warrant for Arrest of Alien (Form I-200) from the Department of Homeland Security on the same day he was re-detained. (Doc. No. 8 at 6, 16.) However, it is unclear whether a hearing was provided prior to, or contemporaneously with, the issuance of this notice, and is also unclear whether notice was provided to petitioner before he was re-detained. While the Record of Deportable Alien (Form I-213) issued on April 21, 2026, states that "Tampa ERO issued [petitioner]" the custody re-determination decision, no evidence of this has been provided.

A routine check of the Immigration Court Automated Case Information System ("ACIS") reveals that on October 7, 2026, an immigration judge ("IJ") ordered petitioner removed.[3] (*See* Automated Case Information System, *available at:* https://acis.eoir.justice.gov/en/). The ACIS system further reflects that petitioner's removal order has not yet become final, and the appellate window remains open until November 6, 2026.[4] (*Id.*)

Title 8 U.S.C. § 1225(b)(1) creates certain detention regimes for "aliens arriving in the United States and certain other aliens who have not been admitted or paroled." 8 U.S.C. § 1225(b)(1). "[T]hat section, by its terms, does not apply to noncitizens who have been continuously present in the United States for, 'the 2-year period immediately prior to the date of the determination of inadmissibility.'" *Ramos v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026). Here, it is undisputed that petitioner was paroled into the United States over three (3) years ago (Doc. No. 8 at 5), and nothing before the court suggests that petitioner has not been continuously present in the United States for the past two years. Thus, the Court finds that petitioner is not subject to detention under section 1225(b)(1). *See Pablo Sequen v. Kaiser*, 800 F. Supp. 3d 998, 1101 (N.D. Cal. 2025) (holding that § 1225(b)(1) could not apply to the petitioner who had entered the United States more than two years prior and had been continuously present in the country since that entry).

/////

---

3 The court takes judicial notice of the date of the IJ's order. *See Gahuin Aisalla v. Noem*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1113793, at *1 (E.D. Cal. Apr. 24, 2026) (taking judicial notice of an appeal pending before the BIA based on a search of the EOIR's automated case information system), *report and recommendation adopted*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1215602 (E.D. Cal. May 4, 2026).

4 Because the appellate window remains open, the removal order is not yet final and the 90-day mandatory detention period set forth in 8 U.S.C. § 1231(a)(2) does not apply here. *Ocampo v. Holder*, 629 F.3d 923, 926 (9th Cir. 2010) (noting that "a removal order is final only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."); *see also* 8 C.F.R. § 1003.3, 1003.38 (providing that, with limited exceptions, where an IJ has adjudicated an asylum application, appeals are due within 30 calendar days of the IJ's decision).

Additionally, respondents argue that petitioner is detained pursuant to § 1225(b)(2)(A) and that the decision in *Rodriguez-Vasquez v. Bostock*, 184 F.4th 1160 (9th Cir. 2026) authorizes petitioner's detention. (Doc. No. 8 at 1.) However, respondent concedes as to this point that this case is not substantively distinguishable from those cited in the court's October 30, 2026 minute order (Doc. No. 6) and the records establishes that petitioner was previously paroled into the United States on June 20, 2023. (Doc. Nos. 3 at 9; 8 at 9).

In light of petitioner's prior release from immigration detention on parole, petitioner was entitled to notice and pre-deprivation process prior to his re-detention, which were not provided in this case. *See Fane v. Warden,* No. 1:26-cv-07879-DAD-SCR, 2026 WL 2970720 (E.D. Cal. Oct. 2, 2026); *see also Jean v. Mullin*, No. 1:26-cv-08027-DAD-AC, 2026 WL 3034291 (E.D. Cal. Oct. 9, 2026). Accordingly, the court rejects respondent's position that § 1225(b)(2)(A) applies in this case given petitioner's prior release from immigration detention on parole.

Further, notwithstanding the evidence regarding the custody determination decision made on April 22, 2026, to the extent that petitioner was not provided advanced notice or a pre-detention hearing before ICE re-detained him, petitioner is entitled to immediate release. *Chavarria v. Chestnut*,[5] No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5, (E.D. Cal. Dec. 9, 2025) (concluding that the re-detention of a noncitizen who was previously paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) without notice or a pre-detention hearing violated due process); *Florez v. Robbins*, No. 1:25-cv-01897-CSK, 2026 WL 593101, at *2–5 (E.D. Cal. Mar. 3, 2026) (reaching the same conclusion as to a petitioner who was previously released on parole pursuant to § 1226(a) and subsequently re-detained without notice and a pre-detention hearing).

/////

/////

---

[5] As noted above, respondent concedes as to this point that this case is not substantively distinguishable from the cases identified in the court's order setting a briefing schedule on petitioner's motion. (Doc. No. 8 at 1.) The Court observes that *Chavarria* is among the cases listed in the court's prior order and involves a noncitizen, like petitioner here, who was previously released on parole.

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Wikenson Hilaire, A-File No. 249-106-776, under the same conditions he was subject to, if any, prior to re-detaining him on or about April 22, 2026;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion for temporary restraining order (Doc. No. 3) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting habeas relief;
4. The Clerk of the Court is directed to serve the Central Valley Annex Detention Center with a copy of this order; and
5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 4, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE